**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IJOMA E. RAYMOND,

      Petitioner,                Civil No. 05-72577-DT
                                  HONORABLE PATRICK J. DUGGAN
v.                               UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

      Respondent,

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on April 7, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Ijoma E. Raymond, ("Petitioner"), presently confined at the Huron Valley

Women's Complex in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In her *pro se* application, Petitioner challenges her state

court conviction for possession with intent to deliver 650 or more grams of heroin, MICH.

COMP. LAWS ANN. § 333.7401(2)(a)(i).  Petitioner has now filed a motion to hold in

abeyance or dismiss without prejudice her petition for a writ of habeas corpus, on the

ground that the petition contains claims which have not been exhausted with the state

courts.  Because Petitioner has not exhausted her state court remedies with respect to two

of her claims for habeas relief, the Court shall dismiss the petition without prejudice.

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Raymond*, No. 241601 (Mich. Ct. App. Jan. 20, 2004), *aff'd* 470 Mich. 887, 682 N.W.2d 94 (2004).

On June 27, 2005, Petitioner filed the instant application for writ of habeas corpus with this Court.[1] Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The trial court violated the Petitioner's Fourth Amendment right to protection against unreasonable search and seizure by refusing to suppress the evidence which the police obtained prior to petitioner's arrest, without a warrant, without probable cause to be where they were: in a motel room where petitioner did not consent to the police entering the room and was illegally detained.
>
> A. In reviewing the trial court's decision to deny the petitioner's motion to suppress the evidence, the Michigan Court of Appeals' decision was based on an unreasonable determination in light of the evidence relied on in the trial court's misapplication of established federal law as determined by the United States Supreme Court.
>
> B. The petitioner was denied her Sixth Amendment right to the effective assistance of appellate counsel on her direct appeal when appellate counsel failed to cite to the ineffective assistance of trial counsel for his failure to properly pursue and present to the trial [court] petitioner's co-defendant['s seizure] which was directly and causally connected to the illegal entry, detention, and search within the petitioner's motel room.
>
> II. Trial counsel's failure to investigate appellant's signature on the consent

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed her habeas petition on June 27, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

2

to search form, failure to object to lack of notice of the testimony of her co-defendant and failure to request a cautionary instruction regarding accomplice testimony constitutes ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that they could have changed the outcome of the trial.

A.  The Michigan Court of Appeals unreasonably applied the constitutional standard of review of ineffective assistance claims without having allowed the petitioner an evidentiary hearing to expand the record on the level of unreasonableness in trial counsel's performance.

B.  The Michigan Court of Appeals' decision on this claim further bolsters the petitioner's first argument of having been denied the right to the effective assistance of appellate counsel; for failing to cite to the ineffective assistance of trial counsel for his failure to properly pursue and present to the trial court the facts surrounding the traffic stop of the petitioner's co-defendant which was directly and causally connected to the evidence which was illegally obtained by the police.

III.  Petitioner was denied her constitutional right to confrontation because the trial court impermissibly restricted the scope of cross-examination of petitioner's alleged accomplice, concealing his bias.

A.  The Michigan Court of Appeals' decision was an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

## II.  Discussion

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete round

of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

In the present case, Petitioner acknowledges that her ineffective assistance of appellate counsel claim and the ineffective assistance of trial counsel claim that she raises as a part of her first claim have not been exhausted with the state courts. Petitioner has moved to voluntarily dismiss her habeas petition without prejudice, because her current petition contains claims which have not been exhausted with the state courts.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under MCR 6.502. A trial court is authorized to appoint counsel for the petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an

4

evidentiary hearing.  MCR 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief

from judgment is reviewable by the Michigan Court of Appeals and the Michigan

Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR

7.203; MCR 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

    The Supreme Court has approved a "stay-and-abeyance" procedure where a

petition is "mixed," that is, contains exhausted and unexhausted claims, but the Court has

cautioned that "stay and abeyance should be available only in limited circumstances."

*Rhines v. Weber*, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).  The Court recognized

that the "stay-and-abeyance" procedure addresses the problem presented when a

petitioner files a timely but mixed petition in federal district court and the district court

dismisses it under the rule requiring total exhaustion after the limitations period expires.

Because the filing of a petition for habeas corpus in federal court does not toll the statute

of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would

be untimely.  Recognizing the "gravity of this problem," the Supreme Court held that a

federal court may stay a petition in federal court to allow the petitioner to present

unexhausted claims in the state court and then return to federal court for review of his

petition, provided that the petitioner has "good cause" for his failure to present the claims

in state court and that the unexhausted claims are not "plainly meritless."  *Id.*

    In this case, the "stay-and-abeyance" procedure may not be applied to Petitioner's

case because she fails to satisfy the *Rhines* test.  The Court may nevertheless provide

safeguards so as not to "'jeopardize the timeliness of a collateral attack.'"  *See Palmer v.*

*Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380

(2d Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in

*Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir. 2002). The Court shall dismiss the

petition without prejudice and the one-year limitations period shall be tolled from the date

Petitioner filed her petition, June 27, 2005, until Petitioner returns to federal court. This

tolling of the limitations period is conditioned upon Petitioner pursuing her state remedies

within sixty days of this Court's Order and returning to federal court within sixty days of

exhausting her state remedies. *See Hargrove*, 300 F.3d at 718, 721.

## III.

Accordingly, it is **ORDERED** the petition for a writ of habeas corpus is

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28

U.S.C. § 2244(d)(1) shall be tolled from June 27, 2005, until the time Petitioner returns to

federal court to pursue habeas relief, provided that: (i) Petitioner presents her unexhausted

claims to the state court within sixty days from the date of this order and (ii)

Petitioner returns to this Court to pursue habeas corpus relief within sixty days of

exhausting state court remedies.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT COURT
Copies to:

6

Ijoma E. Raymond
#406446
Huron Valley Women's Complex
3511 Bemis Road
Ypsilanti, MI 48197


Raina I. Korbakis, A.A.G.